**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY WAYNE SEDA,
          Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
PH-3330-19-0114-I-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Wayne Seda</u>, Aberdeen, Maryland, pro se.

<u>Shelly S. Glenn</u>, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of Board jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed an appeal of his nonselection for a GS-07 Legal Administrative Specialist position, vacancy announcement number CASF-10335732-19-WM. Initial Appeal File (IAF), Tab 1. In a May 28, 2019 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision. The appellant filed a petition for review, which he submitted via Federal Express on July 16, 2019. Petition for Review (PFR) File, Tab 1 at 1, 140. Because he filed his petition for review more than 35 days after the issuance of the initial decision, the Clerk of the Board gave the appellant notice of the Board's requirement for him to file a motion to either accept the filing as timely or waive the time limit for good cause. PFR File, Tab 2. The appellant has filed a Motion to Waive Time Limit for Good Cause, in which he asserts that the reason for the delay in filing his petition for review is that the Office of Special Counsel (OSC) lost a package he mailed to it on December 21, 2018, and which contained a complaint. PFR File, Tab 3 at 1. The agency has responded to the appellant's petition for review and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proof with regard to timeliness, which he must prove by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows that he received the initial decision more than 5 days after it was issued, within 30 days of his receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). The acknowledgment letter for the appellant's petition for review informed him that his petition was untimely filed because the May 28, 2019 initial decision dismissing his appeal for lack of jurisdiction became final on July 2, 2019. PFR File, Tab 2 at 1. The appellant concedes that his petition for review is untimely.

PFR File, Tab 3 at 1. Thus, we find that his petition for review, filed on July 17, 2019, was fifteen days late. PFR File, Tab 1.

The Board will waive the filing time limit only upon a showing of good cause for the delay. 5 C.F.R. §§ 1201.22(c), 1201.114(g). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Jones v. Social Security Administration*, 111 M.S.P.R. 498, ¶ 6 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). The Board will consider the length of the delay, the reasonableness of the appellant's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that prevented him from timely filing his petition. *Id.*

In the appellant's motion to waive the filing deadline for good cause, he asserts that the reason for the delay in filing his petition for review is that OSC lost his package. PFR File, Tab 3. He asserts that he filed his OSC complaint "in a timely manner on December 21, 2018" but that OSC lost it until "May/early June 2019." *Id.* at 2-3. He explains that he did not ask the Board for an extension of time to file his petition for review before the deadline because he "wasn't expecting a delay, mishandling of package or extension was available [sic]." *Id.* at 7.

There is no evidence that the appellant contacted the Board or sought an extension of time in which to file his petition while waiting for action by OSC. *Lambright v. Office of Personnel Management*, 114 M.S.P.R. 507, ¶¶ 7-8 (2010) (finding that an appellant's failure to contact the Board or request an extension of time in which to file her petition did not show due diligence); *Criddell v. U.S. Postal Service*, 60 M.S.P.R. 30, 33 (1993) (finding that an appellant's attempt to gather information in support of her case does not provide good cause for a waiver of the filing deadline and that an appellant's failure to request an

extension of the filing deadline does not show due diligence and ordinary prudence under the circumstances of the case).

To the extent that the appellant is asserting that he failed to request an extension of time due to his unfamiliarity with Board procedures, PFR File, Tab 3 at 7, he has not shown good cause to excuse his delay in filing, *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 5 (2001), *aff'd*, 41 F.App'x 421 (Fed. Cir. 2002); s*ee Tyler v. U.S. Postal Service*, 87 M.S.P.R. 460, ¶ 4 (2001) (explaining that an appellant must show good cause for not seeking an extension to file his petition for review in advance of the filing date); *Sumrall v. Department of the Air Force*, 85 M.S.P.R. 597, ¶ 13 (2000) (concluding that an appellant's lack of sophistication in Board matters and unfamiliarity with Board procedures are insufficient to show good cause for the delay in filing a petition for review).

Although the 15-day delay in this case is not especially lengthy, it is not minimal. See *Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (finding that an 8-day delay is not minimal). In any event, the Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, for even shorter delays in cases that similarly involved pro se appellants. *E.g., Jacks v. Department of the Air Force*, 114 M.S.P.R. 355, ¶¶ 10-11 (2010) (declining to excuse a 14-day delay when the pro se appellant failed to show good cause for the delay); *Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a pro se appellant's 5-day delay in filing a pro se appellant's petition for review when he failed to show good cause for the delay).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's nonselection appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:           _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.